UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'  JS-6

| Case No. | 2:16-cv-00165-CAS | Date | August 1, 2016 |
|---|---|---|---|
| Title | IN RE: PAMELA TINKY MNYANDU | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - APPEAL FROM BANKRUPTCY COURT

## I.   INTRODUCTION

On January 13, 2013, appellant Pamela Tinky Mnyandu ("Mnyandu"), proceeding *pro se*, filed a bankruptcy petition, Case No. 13-bk-10336-MT, in the Bankruptcy Court for the Central District of California. Bnkr. Dkt. 1. The case was assigned to Bankruptcy Court Judge Maureen Tighe. Id. On November 18, 2015, Mnyandu filed a motion in the Bankruptcy Court entitled "Debtor's Verified Motion to Vacate Void Order (Ab Initio) for Lack of Jurisdiction and Assign the 01/29/2015 Judgment to the Bankruptcy Trustee" ("Motion to Vacate Orders"). Bnkr. Dkt. 80. On December 10, 2015, appellee, The Los Angeles Unified School District ("LAUSD"), filed an opposition to this motion. Bnkr. Dkt. 88. The motion came on for hearing before Judge Tighe on December 16, 2015, and on December 28, 2015, Judge Tighe denied Mnyandu's motion. Bnkr. Dkt. 99.

On January 8, 2016, Mnyandu filed this appeal of Judge Tighe's order denying her "Motion to Vacate Void Orders." Dkt. 1. On May 4, 2016, Mnyandu filed her opening brief, Dkt. 12, and on May 25, 2016, LAUSD filed its reply brief, Dkt. 15. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

This appeal relates to a state court workers compensation action ("the State Court Action") between appellant Mnyandu and appellee LAUSD. On January 29, 2015, a judgment was entered by mistake in Mnyandu's favor in the State Court Action. Appellant's App'x, at 29-30, State Court Judgment. On March 25, 2015, the court in the State Court Action vacated the judgment entered in Mnyandu's favor. Id. at 32, Order Vacating State Court Judgment. Thereafter, Mnyandu filed several motions in the State Court Action, including a motion to reconsider the state court's March 25, 2015 order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'   JS-6

| Case No. | 2:16-cv-00165-CAS | Date | August 1, 2016 |
|---|---|---|---|
| Title | IN RE: PAMELA TINKY MNYANDU | | |

vacating the earlier judgment. Id. at 125-131, Docket in the State Court Action. On June 29, 2015, the court denied Mnyandu's motion to reconsider its prior order and dismissed the State Court Action as to LAUSD. Id. at 125-131, Case Summary in State Court Action. Id.

On November 18, 2015, Mnyandu filed her Motion to Vacate Void Orders in the Bankruptcy Court for the Central District of California. Bnkr. Dkt. 80. In this motion, Mnyandu argued that the orders issued by the state court on March 25, 2015 and June 29, 2015 were void and requested that the Bankruptcy Court vacate these orders. On December 28, 2015, the Bankruptcy Court denied this motion. Bnkr. Dkt. 99. The Bankruptcy Court reasoned: "[R]eview [of] the State Court decision would be precluded by the Rooker-Feldman doctrine . . . Here, [Mnyandu] urges this court to vacate the Disputed Orders . . . Under the Rooker-Feldman doctrine this court cannot act as a court of appeal from . . . orders entered by the Superior Court. . ." Id. at 2.

Thereafter, plaintiff filed this appeal contending that the Bankruptcy Court erred in denying her Motion to Vacate Void Orders.

## III.   LEGAL STANDARD

Ordinarily, appeals from orders of bankruptcy courts are heard by a bankruptcy appeals panel, but any party to the appeal may elect instead to have such appeal heard by the district court. 28 U.S.C. § 158(c)(1). Such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeal from the district courts. . . ." 28 U.S.C. § 158(c)(2). A district court "acts as an appellate court" and therefore applies the same standards of review. In re Daniels-Head & Assoc., 819 F.2d 914, 918 (9th Cir. 1987). Federal Rule of Bankruptcy Procedure 8013 provides that "[o]n an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. A bankruptcy court's interpretations of law are reviewed de novo and its factual findings are reviewed for clear error. Blausey v. U.S. Trustee, 552 F.3d 1124, 1132 (9th Cir. 2009). The court must accept the bankruptcy court's findings of fact unless, upon review, it is left with "the definite and firm conviction that a mistake has been committed." In re Straightline Invs., Inc., 525 F.3d 870, 876 (9th Cir. 2008).

| CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|
| Case No. | 2:16-cv-00165-CAS | Date   August 1, 2016 |
| Title | IN RE: PAMELA TINKY MNYANDU | |

## IV.   ANALYSIS

Mnyandu appeals the Bankruptcy Court's order denying her Motion to Vacate Void Orders. As already stated, in this motion, Mnyandu argued that the orders issued by the court in the State Court Action were void and that, accordingly, the Bankruptcy Court should exercise its own authority to vacate those orders. The Bankruptcy Court denied this motion reasoning that it lacked the ability to vacate the orders of a California state court. The Court agrees with the Bankruptcy Court.

Pursuant to the United States Supreme Court's decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), federal courts lack the authority to review decisions issued by state courts. This rule, commonly referred to as the Rooker-Feldman doctrine, "applies even when the state court judgment is not made by the highest state court, and when the challenge to the state court action involves federal constitutional issues." Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) (citations omitted). Moreover, the doctrine applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Kelley v. Med–1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008). See also Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (claims are "inextricably intertwined" with a state court decision if "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules . . .").

Here, Mnyandu requested that the Bankruptcy Court—i.e., a federal court—in essence review two orders issued by a California state court and exercise its own authority to vacate those orders. Had the Bankruptcy Court granted Mnyandu's motion, it would have been functioning effectively as a state appellate court by reviewing and vacating the orders of a state trial court. This is precisely the type of conduct that is prohibited by the Rooker-Feldman doctrine. Accordingly, the Court finds no error in the Bankruptcy Court's decision to deny Mnyandu's motion.

Mnyandu argues that the Rooker-Feldman doctrine does not apply in this case and relies on the Ninth Circuit's decision in Gruntz v. County of Los Angeles, 202 F.3d 1074 (9th Cir. 2000). Mnyandu's reliance on this case is misplaced. Mnyandu appears to contend that the Rooker-Feldman doctrine does not apply in cases where the state court orders are void *ab initio*. However, Gruntz does not stand for this proposition. Rather, in Gruntz, the Ninth Circuit held that federal courts are not bound, pursuant to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-00165-CAS | Date | August 1, 2016 |
|---|---|---|---|
| Title | IN RE: PAMELA TINKY MNYANDU | | |

Rooker-Feldman doctrine, by state court modifications of the automatic stay because decisions regarding the applicability of the automatic stay ultimately rest with the federal courts. See id. at 1084-85 ("If state courts were empowered to issue binding judgments modifying the federal injunction created by the automatic stay, creditors would be free to rush into friendly courthouses around the nation to garner favorable relief."). The state court orders at issue in this appeal did not concern the automatic stay. Thus, Gruntz is inapplicable. And, in any event, Mnyandu has failed to establish that the state court orders at issue in this action were void *ab initio*. Mnyandu appears to argue that the state court lacked jurisdiction over the state court action; but the state court action involved issues regarding workers compensation and the California labor code. The Court fails to see how a California state court would lack jurisdiction over a labor and employment dispute arising under California law. Accordingly, Mnyandu's argument that the Rooker-Feldman doctrine does not apply is unavailing.

For the foregoing reasons, the Court finds that the Bankruptcy Court correctly determined that it would violate the Rooker-Feldman doctrine for a federal bankruptcy court to vacate order issued by a California state court. The Court, therefore, DENIES Mnyandu's appeal.

## V.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** appellant Mnyandu's appeal and **AFFIRMS** the order of the Bankruptcy Court.[1]

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ

---

[1] On August 1, 2016, Mnyandu filed a motion entitled "Motion for Emergency Preliminary Injunction Against James Chalfanti, Charlie Hill, et al. and Leslie Knott and Emergency Request." The Court construes this motion as a motion for an emergency injunction pending the resolution of Mnyandu's bankruptcy appeal. However, in light of the fact that the Court has now denied Mnyandu's appeal the Court DENIES AS MOOT Mnyandu's request for an emergency injunction.